PER CURIAM.
Michael White appeals from a judgment and sentence for attempted manslaughter, unlawful discharge of a firearm on school property, and unlawful possession of a firearm on school property. Appellant raises a number of issues on appeal, only two of which have merit: (1) Whether the convictions and sentences for both possession of a firearm on school property and discharging a firearm on school property violates the prohibition against double jeopardy, and (2) whether the trial court erred in sentencing appellant as an adult without making adequate contemporaneous written findings in accordance with section 39.059(7), Florida Statutes (1993).
We find that it is not possible for a person to discharge a firearm on public property without also being in possession of the *1265 same weapon. Section 790.115(2)(a), Florida Statutes (1993), prohibiting possession of the firearm on school property, does not contain any elements not included in a violation of section 790.115(2)(d), prohibiting discharge of a firearm on school property.[1] The conviction and sentence for possession of a firearm on school property are, therefore, vacated.
In imposing adult sanctions, the trial court did not address all the statutory criteria contained in section 39.059(7), Florida Statutes (1993), nor did the trial court enter a written order containing findings of fact and reasons for imposing adult sanctions. In addition, the written sentencing order was not entered until 11 days after sentence was orally pronounced. We must, therefore, reverse and remand for resentencing in accordance with the dictates of Troutman v. State, 630 So.2d 528 (Fla.1993). See also Thompson v. State, 640 So.2d 1236 (Fla. 1st DCA 1994). The convictions for attempted manslaughter and unlawful discharge of a firearm on school property are affirmed.
ERVIN, MINER and WOLF, JJ., concur.

. The state charged appellant with violating section 790.115(2)(a), Florida Statutes. Subsection (2)(a) prohibits the possession of a firearm, but does not provide for a punishment. Subsection (2)(c) makes the willful and knowing possession of a firearm in violation of “this subsection” a third-degree felony. It would appear that a more appropriate charging document would refer to subsection (2)(c). It is unnecessary, however, for us to reach this issue since it was not raised by the parties. Subsection (2)(d) expressly refers to discharge of a firearm while in violation of paragraph (a), but does not mention subsection (2)(c). Even though it is not expressly stated, we presume that paragraph (c) as well as paragraph (a) is subsumed in subparagraph (2)(d).